LEROY MAYS v. THE STATE.

No. 6975.  Decided May 17, 1922.

**Rape—Sufficiency of the Evidence—Practice on Appeal.**

In the absence of a statement of facts and bills of exception, the contention in the motion for new trial that the evidence is insufficient to sustain a conviction, and an objection to evidence cannot be considered on appeal, and the indictment being sufficient, the judgment must be affirmed.

Appeal from the District Court of Tarrant.  Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of rape; penalty twenty-five years imprisonment in the penitentiary.

The opinion states the case.

No brief oñ file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—From a conviction of the offense of rape with punishment assessed at confinement in the penitentiary for a period of twenty-five years, this appeal is prosecuted.

No bills of exceptions are found in the record, and no statement of facts accompany it.

The motion for new trial is based entirely upon the claim that the evidence was insufficient to support the verdict and that the rulings of the court on the admission of evidence were wrong. In the absence of the statement of facts, this court is obviously unacquainted with the evidence upon which the verdict rests and therefore unable to appraise the merits of the complaint of the rulings of the court touching its introduction. Moreover, the action of the court in admitting or rejecting evidence cannot be reviewed in the absence of bill of exceptions.

The indictment is sufficient and regularly presented. Upon the record before it, this court is left no choice other than to enter a judgment of affirmance, which is accordingly done.

*Affirmed.*